

DEC - 8 2008

CLERK, U.S. DISTRICT COURT
ALEXANDRIA, VA

### UNITED STATES DISTRICT COURT
### FOR THE EASTERN DISTRICT OF VIRGINIA
**Alexandria Division**

| | | |
|---|---|---|
| **GLEN & LUCILA FLETCHER,** | ) | |
| | ) | |
| **Plaintiffs,** | ) | |
| | ) | |
| v. | ) | **Case No. 1:08-cv-815** |
| | ) | |
| **PIZZA HUT OF AMERICA, INC.,** | ) | |
| | ) | |
| **&** | ) | |
| | ) | |
| **YUM! BRANDS, INC.,** | ) | |
| | ) | |
| **Defendants.** | ) | |

## MEMORANDUM OPINION

Defendants have filed Motions for Summary Judgment in these consolidated

actions that Plaintiffs filed against Defendant Pizza Hut of America, Inc. ("Pizza Hut")

and Defendant Yum! Brands, Inc. ("Yum").  A hearing was held on December 5, 2008,

following which this Court granted Yum's Motion and denied Pizza Hut's Motion.  In

further support of that ruling, the Court issues this Memorandum Opinion.

### I. BACKGROUND

This case arises out of an automobile accident that occurred on March 17, 2003,

in Prince William County at the intersection of Sudley Road and Coverstone Drive.

Based on the record before the Court, it is undisputed that, at the intersection with

Coverstone Drive, southbound Sudley Road is a five lane highway; immediately before

the accident, the Plaintiffs' vehicle was the first car stopped for a red light in the far right

southbound lane; after Plaintiffs' light turned green, Plaintiffs' vehicle proceeded into the

intersection; and the accident occurred when a vehicle driven by Mr. Rene Ayala turned left across the southbound lanes of Sudley Road from the northbound lanes of Sudley and collided with the Plaintiffs' vehicle.

It is also undisputed that immediately before the accident and for some time prior to the accident, a vehicle driven by a Pizza Hut worker while delivering pizzas had broken down at the front of the left-hand turn lane on northbound Sudley Road and that in order to turn left onto Coverstone Drive, cars behind the broken down vehicle had to move right from the left-hand turn lane into the passing northbound lane of Sudley and then proceed from the passing lane of northbound Sudley Road into the intersection across the southbound lanes of Sudley.  Before the accident, Mr. Ayala's vehicle had been stopped behind the broken down vehicle in the left turn lane of northbound Sudley Road and had followed other cars ahead of him in moving into the passing lane of northbound Sudley before turning left into the intersection.

Plaintiffs have alleged negligence against Defendants both in the creation of a traffic hazard and also in their response to the hazard that was created, relying on both common law and statutory standards of care, alleging negligence *per se* as to the latter.

Defendants have moved for summary judgment on the grounds that as a matter of law there was no proximate cause between the alleged negligence relating to the broken down vehicle and the accident, and that Mr. Ayala's negligence was a superseding cause. In Defendants' view, the presence of the broken down vehicle was simply a circumstance of the accident scene that as a matter of law is not a contributing factor; the sole proximate cause of the accident, according to Defendants, was Mr. Ayala's crossing into the intersection after he made a left turn through a red light. Yum has also moved for

2

summary judgment on the grounds that as a matter of law it cannot be held vicariously liable for the negligence of Pizza Hut or its employees.

## II. STANDARDS FOR SUMMARY JUDGMENT

Summary judgment "should be rendered if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). The mere existence of some alleged factual dispute between the parties "will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no genuine issue of material fact." *Anderson v. Liberty Lobby Inc.*, 477 U.S. 242, 247-48 (1986). Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be considered. *Id.* at 248.

Once a motion for summary judgment is properly made and supported, the opposing party has the burden of showing that a genuine dispute of fact exists. *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586-87 (1986). The non-moving party may not rest on allegations but must come forward with specific facts; a mere scintilla of evidence is not enough and unsupported speculation is not sufficient. *Anderson*, 477 U.S. at 252; *see Ash v. United Parcel Service, Inc.*, 800 F. 2d 409, 411-412 (4th Cir. 1986). Once specific facts are adduced by the non-moving party to show that a genuine dispute exists, "the judge's function is not himself to weigh the evidence and determine the truth of the matter but to determine whether there is, in fact, a genuine issue for trial." *Anderson*, 477 U.S. at 249. However, the evidence in opposition to a

properly supported motion for summary judgment must be "significantly probative and if the evidence is merely colorable, or is not significantly probative, summary judgment may be granted (citations omitted)." *Id.*; *Holland v. Wash. Homes Inc.,* 487 F.3d 208, 213 (4th Cir. 2007). In reviewing a motion for summary judgment, the Court views the facts in a light most favorable to the non-moving party. *See Anderson,* 477 U.S. at 255.

### III.   ANALYSIS

**A.   Pizza Hut's Motion for Summary Judgment**

Pizza Hut has moved for summary judgment on the grounds that any negligence on its part was not the proximate cause of the accident as a matter of law.

This case, being brought under diversity jurisdiction, is governed by Virginia law. The legal standard for proximate cause under Virginia law was recently repeated and discussed in *Williams v. Le,* 662, S.E.2d 73, 276 Va. 161 (2008). Under Virginia law, proximate cause is defined as an "act or omission which, in natural and continuous sequence, unbroken by an efficient intervening cause, produces the event, and without which that event would not have occurred." *Id.* at 77. This formulation of proximate cause allows for more than one proximate cause of an accident and a subsequent proximate cause may or may not relieve a defendant of liability for his negligence. When it does relieve a defendant of liability, the negligence intervening between the defendant's negligence and the injury "constitutes a new effective cause and operates independently of any other act, making it only and only it the proximate cause of injury." *Lester v. Rose,* 130 S.E. 2d 80, 93 (1963); *Maroulis v. Elliott,* 151 S.E.2d 339, 345, 207 Va. 503, 511 (1966).

4

In evaluating whether conduct constitutes such an intervening cause, Virginia law has articulated several demanding requirements. First, the intervening negligence must "so entirely supersede the operation of the defendant's negligence, that it alone, without any contributing negligence by the defendant in the slightest degree, causes the injury." *Richmond v. Gay*, 49 S.E. 482, 483, 103 Va. 320, 324 (1905); *Coleman v. Blankenship Oil Corp.*, 267 S.E.2d 143, 147, 221 Va. 124, 131 (1980). Second, "an intervening cause does not operate to exempt a defendant from liability if that cause is put into operation by the defendant's wrongful act or omission." *Williams*, 662 S.E.2d at 77, 276 Va. at 167; *Jefferson Hospital, Inc. v. Van Lear*, 41 S.D.2d 441, 444, 186 Va. 74, 81 (1947). Third, whether a subsequent injury is foreseeable is a critical inquiry and an intervening cause will not be deemed to have broken the causal connection if the intervening cause was foreseen or reasonably might have been foreseen by the defendant. *Jefferson Hospital*, 41 S.E.2d at 444-45, 186 Va. at 82. In the words of the Supreme Court of Appeals of Virginia, "it must not itself be a happening that ought to have been foreseen." *Scott v. Sims*, 51 S.E.2d 250, 253, 188 Va. 808, 817 (1949); *Koutsounadis v. England*, 380 S.E.2d 644, 646, 238 Va. 128, 131 (1989). It is not necessary that the defendant should have foreseen the precise injury that happened, only that an ordinary, careful and prudent person ought to have foreseen that an injury might probably result from the negligent act. *See Blondel v. Hays*, 403 S.E.2d 340, 345, 241 Va. 467, 475 (1991). Finally, the defendant's negligence must not have created or increased an existing danger. *See Scott*, 51 S.E.2d at 254, 188 Va. at 819.

Both sides have pointed to facts of this case as well as the facts of specific Virginia cases in support of their respective positions. Defendants argue simply and

forcefully that the accident occurred solely as a result of Mr. Ayala's failure to observe the red light that was there to be seen and observed and that the presence of the broken vehicle had nothing to do with his decision to enter the intersection against the red light for a left hand turn. Defendants have submitted the sworn testimony of several witnesses that Mr. Ayala entered the intersection after the light turned green for the Plaintiffs' vehicle.

Plaintiffs argue that what Mr. Ayala did and why he did it are disputed issues of fact to be decided by a jury. They rely centrally on Mr. Ayala's sworn testimony that the light was green for the left turn when he last saw it before he was forced by virtue of the obstruction created by the disabled vehicle to look away from the light and engage in a complex series of observations and maneuvers through on-coming traffic in the passing lane of northbound Sudley Road. As a result, Plaintiffs contend that Mr. Ayala was forced to leave the relative safety of what should have been an unobstructed left turn lane and negotiate as best he could a left hand turn through a much more dangerous route. For that reason, Plaintiffs argue that there are factual issues as to whether the disabled vehicle increased the dangers inherent in that intersection and whether Mr. Ayala's opportunity to observe the light governing the left hand turn and proceed safely across the southbound lanes of Sudley Road from northbound Sudley Road had been compromised by the broken down vehicle. They further point to the assessment of the driver of the disabled vehicle that she appreciated that her vehicle was creating a dangerous situation that could cause an accident, with some near accidents already having occurred. Plaintiffs further argue that the Defendants' negligence was continuous and ongoing, not static and remote.

6

The Virginia cases emphasize that questions of proximate cause are usually issues of fact resolved by a jury, particularly where a series or sequence of events interact. In those cases, the Supreme Court of Virginia has emphasized, as it did in *Koutsounadis*, that "it is the province of the jury to look at a succession of facts and events and to decide whether those facts and events are naturally and probably connected with each other in a continuous sequence or whether they are broken apart by new and independent forces." *Koutsounadis*, 380 S.E.2d at 647, 238 Va. at 132.

Based on the record, the Court cannot say as a matter of law that Pizza Hut's alleged negligence did not contribute "in the slightest degree" to the accident. The facts are sufficiently in dispute and it is the province of the jury to decide whether and to what extent the broken down vehicle contributed to the accident. That determination will depend on how the jury weighs and assesses all of the evidence and the inferences to be derived from that evidence, including the credibility of witnesses and the interplay of multiple events leading up to the accident. The jury may then determine whether the presence of the disabled vehicle was a concurrent cause of the accident or whether Mr. Ayala's conduct was a superseding intervening cause.

For these reasons, the Defendants' Motion for Summary Judgment based on lack of proximate cause is DENIED.

**B.      Defendant Yum! Brands Motion for Summary Judgment**

Yum also moves for summary judgment on the grounds that as a matter of law it is not responsible for the negligence of Defendant Pizza Hut or its employees.

Plaintiffs argue that Yum is liable on two grounds – direct negligence and vicarious liability. The Plaintiffs have not come forward with any evidence that would

create a triable issue of fact as to their claim of primary or direct negligence on the part of

Yum. As to Plaintiffs' claim against Yum based on vicarious liability, Plaintiffs claim

that the employees of the Pizza Hut store that were involved in the alleged acts of

negligence should be deemed the employees of Yum.

Whether Yum is vicariously liable for the negligence of others depends on

whether those individuals were employed by Yum or otherwise acting at its direction and

under its control. *See Virginia Employment Comm. v. A.I.M. Corp.*, 302 S.E.2d 534, 539,

225 Va. 338, 347 (1983) ("In any master-servant analysis, the power of control is the

determining factor in ascertaining the parties' status."). Yum has submitted evidence that

the Pizza Hut store whose driver and other workers were involved in the underlying

events was owned, operated and managed by the corporate entity named Pizza Hut of

America, Inc, which is a subsidiary of the corporate entity Pizza Hut Inc., which in turn is

a wholly-owned subsidiary of Yum! Brands, Inc. There is no evidence that these

corporate entities are not valid, separate and distinct corporate entities and, therefore,

there is no basis for imposing vicarious liability on Yum based solely on its status as the

parent corporation of Pizza Hut, Inc. There is no contention that the insulating corporate

structures of Yum's wholly owned subsidiaries should be pierced to impose liability on

Yum and there is no evidence that would permit such a piercing of the corporate veils of

Pizza Hut of America, Inc. or Pizza Hut, Inc. according to the requirements of that

doctrine.

Yum has also submitted evidence that the driver of the disabled vehicle was an

employee of Pizza Hut of America, Inc., that she was paid by that corporate entity, that

her W-2 tax form was issued by that entity and that her employment was established,

8

supervised and terminated by that entity through that entity's management. Plaintiffs do not dispute any of these facts but rather claim that Yum also exercised or had the power to exercise direction and control over the Pizza Hut employees involved, and Plaintiffs have submitted in support of that position certain documents that Plaintiffs argue raise a genuine issue as to whether the Pizza Hut driver and other store employees should be deemed Yum employees as well.

The documents that Plaintiffs have submitted do not establish any specific facts concerning the issues that govern how to characterize the employment relationship of the specific Pizza Hut workers involved relative to Yum or its subsidiaries. For example, Plaintiffs have submitted no evidence, and there is no evidence in the record before the Court, that Yum's management itself was in any way actually involved in the hiring, supervision, direction or termination of the Pizza Hut driver or anyone else working at the Pizza Hut store involved in the case. There is also no evidence that anyone within Yum itself was charged with the hiring, supervision, managing or firing of the workers of Pizza Hut restaurants. Nor could a reasonable fact finder infer such facts from the documents Plaintiffs have submitted without unsubstantiated speculation.

With respect to the specific documents Plaintiffs have submitted in support of their vicarious liability claim, the document titled "Yum! Brands, Inc. Charged Employee Report" does not state that Pizza Hut employees are Yum employees, but is simply a Yum Brands document that lists persons who are employed by a Pizza Hut restaurant within the Yum corporate group. It would not be unusual for a corporate parent to monitor the charges against employees of a wholly-owned subsidiary without having a direct employer-employee relationship; and no inference of a direct employer-employee

9

relationship between Yum and those employees can reasonably be drawn from that document. The document titled "Pizza Hut Net Claim Auto Liability Report" was not prepared by Yum, but rather its insurance carrier and, even if admissible, is not significantly probative of the actual employment relationships. Yum's responses to Requests for Admission in the Virginia state case that Plaintiffs rely on, even if admissible in this case, were not directed to the issue of vicarious liability and must be read with other responses that state unequivocally that the Pizza Hut driver was not employed by Yum, but instead by Pizza Hut of America, Inc. Moreover, the document titled "Worldwide Code of Conduct" expressly acknowledges a group of persons employed by Yum's subsidiaries separate and apart from Yum itself and the document titled "Orientation Manual for Pizza Hut Employees" simply has the name Yum! Brands on its cover.

None of these documents addresses directly the legal relationship between Yum and the employees of its first and second tier subsidiaries or whether the employees of a Yum subsidiary are also treated as employees of Yum itself. The occasional references to "Yum employees" as a general reference to all the employees of the corporations within the Yum corporate group, including those of the operating subsidiaries, cannot be reasonably read to override the legal relationships that otherwise apply or in fact exist. In sum, the evidence Plaintiffs submitted makes the claim of vicarious liability merely colorable at best and does not raise a genuine issue as to Yum's vicarious liability when viewed against the specific, direct and unequivocal evidence concerning the nature of the employment relationships at issue. In summary, Plaintiffs have not submitted evidence

that is significantly or sufficiently probative to raise a genuine issue as to whether Yum is vicariously liable for the negligence of Pizza Hut of America, Inc.

For the above reasons, the Motion for Summary Judgment of Defendant Pizza Hut of America, Inc. is DENIED; and the Motion for Summary Judgment of Defendant Yum! Brands, Inc. is GRANTED and the case is dismissed with prejudice as to Yum! Brands, Inc.

An appropriate Order will issue.

_____
Anthony J. Trenga
United States District Judge

Alexandria, Virginia
December 8, 2008