IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| GLEN FLETCHER, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>PIZZA HUT OF AMERICA, INC., )<br>)<br>Defendant. )<br>) | No. 1:08-cv-815 (AJT/TCB) |

## MEMORANDUM OPINION

This matter is before the Court on Plaintiff's Motion for New Trial (Doc. No. 122). Plaintiff seeks a new trial on the grounds that (1) this Court erred in excluding evidence of Nancy Karickhoff's ("Karickhoff") and Defendant Pizza Hut of America, Inc.'s ("Pizza Hut") negligence prior to the breakdown of Karickhoff's vehicle at the intersection of Sudley Road and Coverstone Drive, thereby restricting Plaintiff's theory of liability; (2) the Court erred in not giving Plaintiff's Proposed Jury Instructions Nos. 12, 15, and 17; (3) the Court erred in allowing Defendant to make improper statements during its closing argument and (4) the Court erred in allowing Defendant Pizza Hut to violate certain pre-trial in *limine* rulings, including an order not to mention stricken evidence, an order prohibiting mention of any negligence on the part of the driver of Plaintiff's vehicle, and an order prohibiting any mention or statement about Rene Ayala's prosecution in state traffic court.

Whether to grant a motion for new trial is within the sound discretion of the trial judge. *Eberhardt v. Integrated Design & Constr.*, Inc., 167 F.3d 861, 870 (4th Cir.

1999). A district court will grant a new trial if it determines that (1) the verdict is against the clear weight of the evidence, or (2) is based upon evidence which is false, or (3) will result in a miscarriage of justice, even though there may be substantial evidence which would prevent the direction of a verdict. *Cline v. Wal-Mart Stores. Inc.*, 144 F.3d 294, 301 (4th Cir. 1998); Fed. R. Civ. P. 59(a).

## I. Exclusion of Evidence of Pre-Breakdown Negligence

The evidence in the case established that Karickhoff's vehicle broke down in the left hand turn lane of northbound Sudley Road at the intersection of Coverstone Drive when it stalled out due to a drained battery while waiting for the left-turn signal to turn green. Prior to trial, the Court ruled that under Virginia law, Defendant Pizza Hut did not owe a primary duty to Plaintiff with respect to the condition of Karickhoff's vehicle. *See* Order dated, February 20, 2009 (Doc. No. 101). Plaintiff claims that this ruling was incorrect as well as the Court's ruling on Plaintiff's claims of negligence based on Karickhoff's conduct before the breakdown of her vehicle. Specifically, Plaintiff claims that the Court erred in excluding or striking evidence showing that (1) Karickhoff knew that her vehicle was in poor working condition on the day of the accident, (2) Karickhoff placed a vehicle on the road that she knew or should have known posed a danger to others and (3) Defendant Pizza Hut knew about the condition of Karickhoff's vehicle and permitted Karickhoff to put this allegedly defective vehicle on the road. Plaintiff argues that the exclusion of such evidence significantly limited his theories of negligence, including his claim that Pizza Hut was vicariously liable for the actions of its agent, Nancy Karickhoff, in putting a dangerous vehicle on the road.

The Court excluded Plaintiff's claims of primary negligence against Pizza Hut for the reasons set forth in its Order dated February 20, 2009 (Doc. No. 101) and finds no reason to disturb that ruling. At trial, the Court excluded Plaintiff's claims of pre-breakdown negligence against Karickhoff on two grounds. First, the evidence was insufficient to establish negligence on the part of Karickhoff before the breakdown. Karickhoff had taken steps before the accident to correct what she thought were battery-related problems in her car. Specifically, she had adjusted the "serpentine belt" that she thought was affecting the battery's ability to charge itself before the day of the accident. On the day of the accident, after she realized that the battery was in fact draining again, Karickhoff intended to get the car to the Pizza Hut store when it stalled while she was waiting in traffic. Karickhoff then attempted to move the car partially off the road where it sat for some time before Ayala's vehicle approached, negotiated around the Karickhoff vehicle, proceeded to make a left-hand turn, and collided with Plaintiff's vehicle in the southbound lane of Sudley Road. Second, the Court concluded as a matter of law that under the circumstances, even if there had been negligence on Karickhoff's part, Karickhoff's negligence prior to the breakdown of her vehicle was a remote and not a proximate cause of the accident.

In support of his position, Plaintiff cites three Supreme Court of Virginia cases, *Thomas v. Settle*, 247 Va. 15 (1994), *Walrod v. Matthews*, 210 Va. 382 (1969) and *Koutsounadis v. England*, 238 Va. 128 (1989) for the propositions that (1) Karickhoff had a duty not to place a defective vehicle on the road and (2) Plaintiff had a right to present evidence of Karickhoff's and Pizza Hut's conduct prior to the breakdown of the vehicle in order to prove a "chain of events leading to the later collision." Pl's. Br. in Supp. of

3

Mot. for New Trial ("Pl's. Br.") at 4. Plaintiff relies heavily in this respect on this Court's Memorandum Opinion (Doc. No. 35) denying Defendant's Motion for Summary Judgment on the issue of causation.

*Thomas* and *Walrod* are distinguishable from the present case. In those cases, the negligence that preceded the malfunction of the vehicle produced direct and immediate consequences. In *Thomas*, the driver knew that his gas tank was nearly empty, ventured onto the highway notwithstanding his knowledge of that fact, and collided with another vehicle. In *Walrod*, the vehicle's defective steering mechanism caused the defendant to veer across the centerline of the highway and strike the plaintiff's vehicle. In this case, however, Karickhoff's operation of the vehicle in and of itself did not trigger an immediate sequence of events. Karickhoff testified that more than a half hour passed from the time her vehicle broke down to the time Ayala's vehicle collided with that of Plaintiff. *See* Deposition of Nancy Karickhoff at 220. There is no temporal proximity between the defective condition or pre-breakdown negligence and Plaintiff's injuries.

This case is also distinguishable from *Koutsounadis*. In that case, the defendant fell asleep on the highway and struck another car. As a result of striking that car, the defendant's vehicle came to rest in a dangerous position on the highway, and was subsequently struck by the plaintiff's car. Unlike *Koutsounadis*, the plaintiff's allegedly negligent pre-breakdown conduct in this case did not have any immediate consequence. Neither Plaintiff's nor Ayala's car collided with Karickhoff's vehicle. Rather, Karickhoff's vehicle remained disabled in the turn lane for approximately a half hour before Ayala's vehicle—one of many in line in the left-hand turn lane behind the disabled vehicle—slowly approached the disabled vehicle with full recognition of its presence.

The alleged negligence of Karickhoff before the breakdown is simply too far removed from the immediate sequence of events leading to the accident to be considered a proximate cause of the injury. *See Riggle v. Wadell*, 216 Va. 577 (1976) (any negligence on the part of a driver who stopped his car on the highway was immaterial since any such negligence was a remote rather than a proximate cause of the collision.).

This Court's summary judgment ruling was directed to Defendant's claims that Ayala ran the red light and that his conduct was an intervening cause of the accident. The Court determined at that stage of the proceedings that there were genuine issues of material fact. The Court did not specifically focus on any claims of pre-breakdown negligence as a proximate cause as the Court was obviously without the benefit of the actual evidence later presented at trial. At trial, the Court's rulings excluding the pre-breakdown claims of negligence were based on the evidence admitted concerning the breakdown of the Karickhoff vehicle and the relationship between the pre-breakdown events, Karickhoff's conduct, and the actual collision. Thus, this Court will not reverse its prior rulings on these issues.

## II. Error Related to Jury Instructions

The standard of review for determining whether the district court should have given a jury instruction is abuse of discretion. *United States v. Ruhe*, 191 F.3d 376, 384 (4th Cir. 1999). The test of the adequacy of jury instructions is whether the jury charge, construed as a whole, adequately states the controlling legal principle without misleading or confusing the jury. *Chaudhry v. Gallerizzo*, 174 F.3d 394, 408 (4th Cir. 1999). A district court's refusal to provide an instruction requested by a litigant constitutes reversible error only if the instruction: (1) was correct; (2) was not substantially covered

by the court's charge to the jury and (3) dealt with some point in the trial so important that failure to give the requested instruction seriously impaired the litigant's ability to try his case. *United States v. Lewis*, 53 F.3d 29, 32 (4th Cir. 1995).

Plaintiff argues that the Court erred in refusing to give Plaintiff's Proposed Instruction No. 12 (related to Karickhoff's increased duty of care under circumstances of increased danger), Proposed Instruction No. 15 (related to Karickhoff's duty of care to avoid obstructing street traffic), and Proposed Instruction No. 17 (related to Karickhoff's duty of care not to leave her vehicle unattended on the roadway). *See* Pl's. Br. at 15-22. Plaintiff contends that the denial of these instructions severely limited the theory of his case and made it easier for the jury to return a verdict in favor of Defendant.

With respect to Proposed Instructions Nos. 12 and 15, the Court finds that the substance of those instructions was essentially covered by Instruction No. 14, which defined negligence as "the failure to use ordinary care."

Plaintiff's Proposed Instruction No. 17 pertained to a traffic regulation that imposes a duty not to leave a vehicle unattended or immobilized on the highway if "it constitutes a hazard in the use of the roadway." *See* Va. Code Ann. § 46.2-1209. That duty, however, had nothing to do with any conduct that might have conceivably contributed to the accident since Karickhoff's presence or absence from the scene did not make a difference as to Ayala's conduct as a result of the presence of the Karickhoff vehicle in the turn lane. The Court will not overturn the jury's verdict on those grounds.

### III. Statements During Closing Argument and *In Limine* Motions

The Court has reviewed the remaining issues raised by Plaintiff, and for the reasons previously stated on the record, the Court finds that none justify overturning the jury's verdict and ordering a new trial.

## IV. Conclusion

For the reasons stated above, the Court finds that there are no grounds upon which to order a new trial and it is therefore ORDERED that Plaintiff Fletcher's Motion for New Trial be, and the same hereby is, DENIED.

A separate order will follow this memorandum opinion.

Alexandria, Virginia
May 15, 2009

/s/
Anthony J. Trenga
United States District Judge